(63 App. Div. 140.)

DICKINSON v. EARLE et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

Fees of Referee.

At the commencement of a reference a stipulation was entered into that the referee might fix such fees for himself as were reasonable, and that in so doing he should not be limited to the statutory fee. After the case was submitted, and before the decision, the referee presented a written stipulation to the attorney of one of the defendants, fixing his fees at $20 per day, which the attorney refused to sign. The referee charged for 259 days at $20 per day, 94 days being alleged to have been spent in determining a case free from legal questions. *Held*, that there was no valid stipulation allowing the referee $20 per day, and that an allowance by the clerk of $10 per day, the statutory fee, was sufficient.

Appeal from special term, New York county.

Action by Charles C. Dickinson, as assignee, etc., against Eugene M. Earle and others. From an order denying a retaxation of costs, plaintiff appeals. Appeal dismissed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

H. D. Luce, for appellant.

Benjamin N. Cardozo, for respondents.

INGRAHAM, J.   It appears from an appeal argued and decided herewith that the special term has set aside the report of the referee and the judgment entered thereon, and ordered a new trial before another referee, and that order has been affirmed by this court.   The costs fall with the judgment, and no question is presented on this appeal that we are now required to determine.   The appeal should therefore be dismissed.   If, however, the question argued was before us, we agree with the court below.   The amount claimed for referee's fees was $5,180.   The clerk, on taxation, allowed $2,590.   From the affidavit of the referee, it appears that at the commencement of the reference there was a stipulation that "the referee may fix such fees for himself in this matter as may be reasonable, and in doing so he shall not be limited to the legal statutory fee."   The attorney for the defendants, at the time this stipulation was proposed, called the attention of the referee and the plaintiff's attorney to the fact that such a stipulation would have no effect.   The attorney for one of the defendants swears that the referee stated that he was quite content, if he charged any sum that was unreasonable, that his fees should be objected to; that after this statement the stipulation was entered upon the minutes; and that he was never aware of the amount that the referee intended to charge.   It also appears: That the referee charged for 97 days when evidence was taken; 68 days upon which the proceedings were adjourned, at which no testimony was taken; and 94 days for examining the case and the preparation of his report. That the case was submitted November 15, 1900, and the report was filed on the 30th of March, 1901, 135 days, including Sundays and holidays, of which the referee says he spent 94 in determining a case which seems to have been free from difficult legal questions.   This would seem to be impossible.   The clerk allowed for 259 days at $10 per day, and the complaint is that the referee was entitled to more, not that too much was allowed.   There was no valid stipulation between the parties fixing the fees of this referee at $20 a day, the defendants having expressly refused to sign such a stipulation, and the referee was entitled to no more than his legal fees,—$10 a day.   This he was allowed by the clerk.

The appeal is therefore dismissed, with $10 costs and disbursements.

PATTERSON, O'BRIEN, and LAUGHLIN, JJ., concur; VAN BRUNT, P. J., in result.